CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN TATOIAN,  )
          )
   Plaintiff,  )
          )  Civil Action No. 7:14-CV-00484
v.         )
          )  **MEMORANDUM OPINION**
WILLIAM LEE ANDREWS, III, et al.,  )
          )  By: Hon. Glen E. Conrad
   Defendants.  )  Chief United States District Judge
          )

Plaintiff John Tatoian filed this diversity action against defendants, alleging that they participated in a scheme to defraud him. This case is presently before the court on plaintiff's motion for leave to amend his complaint and defendant Palmoré Legal Services, PLLC's ("PLSP") motion to quash service and dismiss the complaint. For the reasons set forth below, both motions will be granted.[1]

## Background

The court summarizes the factual allegations in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

In October of 2012, Tatoian was repeatedly solicited by Edward Glazebrook to make a short-term loan to Glazebrook, Anthony Junge, and Global Financial Solutions, LLC (collectively, the "Borrowers"). Tatoian agreed to loan the Borrowers $325,800.00. This loan was memorialized in a promissory note dated December 2, 2012. To fund this loan, Glazebook directed Mr. Tatoian to wire the funds to the Interest on Lawyers Trust Account ("IOLTA") of Richard Schulenberg, Esq., "who was then to wire the funds to the Escrow Account of Attorney

---

[1] Both parties have also filed motions for leave to file supplemental materials as to the issue of personal jurisdiction over PLSP. These motions will be granted as the court finds that such materials should be considered in ruling on the present motions.

William Lee Andrews, III." Compl. ¶ 16.

On December 3, 2012, Tatoian wired $326,650.00 to Schulenberg's IOLTA account. Schulenberg then wired $306,870.00 to Virginia Worldwide Group, LLC's ("Virginia Worldwide") account at Wells Fargo on December 17, 2012, "not Andrews IOLTA account as Borrowers had represented." Id. ¶ 23. Andrews then allegedly distributed the funds from Virginia Worldwide's account to defendants, including PLSP. Specifically, on May 1, 2013, Virginia Worldwide transferred $175,000.00 to Stephen P. Gant, P.A.'s IOLTA account. On May 28, 2013, Virginia Worldwide transferred $45,000.00 to a bank account held by PLSP. Two days later, PLSP transferred $40,000.00 of those funds to Carso Corporation ("Carso") and $5,000.00 to other parties in Michigan at Carso's direction. On June 7, 2013, $55,060.00 was transferred from Gant's IOLTA account to PLSP's account. The next day, PLSP transferred the $55,060.00 to Carso. In sum, the complaint asserts that "the entire venture was an elaborate fraudulent conspiracy" involving the Borrowers, Schulenberg, Andrews, and the other defendants, designed to defraud Tatoian and others "by promising high rates of return for short term loans then transferring…funds through a maze of transfers to the conspirators." Id. ¶¶ 28, 37.

Tatoian filed suit on September 9, 2014. He names PLSP in four of the eight counts in the complaint: (1) fraudulent transfer under Virginia Code § 55-80 (Count II); (2) fraudulent transfer under Virginia Code § 55-81 (Count IV); (3) fraudulent transfer under the California Uniform Fraudulent Transfer Act (Count V); and (4) unjust enrichment (Count VI). On July 28, 2015, PLSP filed a second motion to quash service for lack of personal jurisdiction.[2] In that motion, PLSP asserts that it is a Michigan corporation, and that it did not transact any business in the

---

[2] PLSP filed its first motion to quash on November 24, 2014. The court, however, denied the motion on April 23, 2015 because PLSP filed its motion through its attorney, Chiketa Palmore Bryant, who was not a member of the bar of this court. Bryant subsequently filed an application for special admission pro hac vice, which the court granted on May 22, 2015.

2

Commonwealth or contract to supply any services or things in the Commonwealth. Instead, PLSP contends that it only "provided services to its former client and that service consisted of transferring funds received on behalf of its former client at the direction of its former client into a Michigan IOLTA account." Def.'s Mem. in Supp. of Mot. to Quash at 6, Docket No. 50.

On October 1, 2015, the court held a hearing via conference call on PLSP's motion. The court then ordered the parties to engage in limited discovery as to the sole issue of PLSP's contacts with the forum and took the motion to quash under advisement pending this discovery. Based on the information contained in these additional materials, Tatoian now seeks leave to amend his complaint and substitute PLSP as party defendant for its former client, Carso. Tatoian also wishes to dismiss Schulenberg as a defendant, pursuant to the court's order on April 28, 2015.[3] Finally, Tatoian seeks to delete Affinity Capital Holdings, LLC ("Affinity Capital Holdings") and Kristie Eichenberger as defendants in this action, as he was unable to timely serve either party. The matter has been fully briefed and is now ripe for disposition.[4]

## Discussion

### I. Motion to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)). An amendment is futile if the amended

---

[3] The court notes, however, that Schulenberg was already stricken as a defendant in this action on April 28, 2015.

[4] Neither party requested oral argument. The court is of the opinion that it would not aid the decisional process.

3

complaint could not survive a motion to dismiss for failure to state a claim. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). A delay in bringing a proposed amendment alone is insufficient to deny leave to amend. Edwards, 178 F.3d at 242. "Rather, the delay must be accompanied by prejudice, bad faith, or futility." Id.

In this case, Tatoian seeks leave to amend his complaint to substitute PLSP for its former client, Carso, as he now believes that PLSP was a "mere conduit" for Carso's receipt of the allegedly fraudulent transfers. In re Harbor, 845 B.R. 1254, 1256 (4th Cir. 1988). As an intial matter, the court notes that such motion is untimely as the scheduling order in this case requires that amendments to pleadings be filed prior to the completion of discovery on November 13, 2015. Tatoian moved to amend his complaint on December 14, 2015, and he did not seek to extend the deadline in the scheduling order prior to filing his motion. Rule 16 of the Federal Rules of Civil Procedure provides that a court's scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). The court must determine not only whether the amendment is accompanied by prejudice, bad faith, or futility, but also whether Tatoian has shown good cause for filing his motion after the deadline in the scheduling order.

Here, it appears that the relationship between PLSP and Carso was not known to Tatoian until PLSP provided him with their bank records. The bank records that Tatoian previously received from Virginia Worldwide and Gant only indicated that funds were transferred to PLSP; they did not reveal the nature of PLSP's bank account or to whom PLSP transferred the funds. Upon receipt of these additional records from PLSP, Tatoian confirmed that the Michigan bank

4

account to which Virginia Worldwide and Gant transferred funds was PLSP's IOLTA account. Based on these circumstances, the court believes that Tatoian has shown good cause for seeking leave to amend after the deadline in the scheduling order. See Harris v. Option One Mort. Corp., 261 F.R.D. 98, 102 (D.S.C. 2009) (finding that plaintiffs did not show good faith to amend complaint after deadline in scheduling order because it was apparent from the commencement of the litigation that the bank trustee participated in the transactions in question). The court also finds that, despite PLSP's arguments to the contrary, Tatoian has not engaged in bad faith by seeking leave to amend his complaint, and the amendment would not be prejudicial to PLSP, as it would be dismissed from the instant action.[5]

The court must now determine whether the proposed amendments would be futile. The futility analysis under Rule 15 necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claims are based. Rambus, Inc. v. Infineon Techs., AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004). Nevertheless, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980).

As an initial matter, the court concludes that restructuring the complaint is appropriate under the circumstances in this case. Specifically, Schulenberg was already dismissed as a defendant in the court's April 28, 2015 order, and Tatoian failed to serve both Affinity Capital Holdings and Kristie Eisenberger. As to substituting PLSP for Carso, the court believes that such amendment would not be futile. Again, the proposed amended complaint provides that Carso's

---

[5] It also appears that the amendment would not be prejudicial to Carso as its principal, Terry Barnes, is also the principal of defendant Barnes Corporation. Therefore, Barnes has been on notice about the nature of the suit and was aware of the possibility that Carso may be brought in as an additional defendant.

5

principal is Terry Barnes, and that the court has personal jurisdiction over Carso because of Barnes' several email and telephone contacts with Andrews in Virginia regarding the transfers. Without deciding the merits of Tatoian's claims against Carso, the court finds that there are no obvious substantive or procedural considerations that would render the amendment futile. Moreover, the amendment to replace PLSP with Carso is not "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). Therefore, the court concludes that the proposed amendment to the complaint, substituting PLSP for Carso, is not futile. Accordingly, Tatoian's motion to amend the complaint will be granted.[6]

## II. Motion for Sanctions and Attorney's Fees

In addition to arguing that the court should deny Tatoian's motion to amend, PLSP also asks the court to impose sanctions against Tatoian and his attorneys. Rule 11 of the Federal Rules of Civil Procedure provides that "by presenting to the court a pleading … an attorney … certifie[s] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…." Fed. R. Civ. P. 11(b). If the court determines that this rule has been violated, the court may impose sanctions on the offending party. Fed. R. Civ. P. 11(c)(1).

In this case, PLSP initially sought sanctions against Tatoian and his attorney in its memorandum in support of its motion for leave to file supplemental material on November 22, 2015. See Docket No. 62-1 at 5. PLSP then renewed its request for sanctions in its opposition brief to Tatoian's motion to amend. The court notes that Rule 11 clearly states that a motion for

---

[6] In granting the motion to amend, the court will also grant PLSP's motion to quash service and dismiss the complaint against it, as Tatoian now concedes that his claims against PLSP are meritless.

6

sanctions must be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). Thus, PLSP's request for sanctions is improper. However, courts may sua sponte order parties to show cause as to why their conduct does not violate Rule 11(b). Fed. R. Civ. P. 11(c)(3). Thus, court will consider whether such order is warranted in this case.

As explained in the previous section, it appears to the court that Tatoian was not aware that PLSP's Michigan bank account was in fact an IOLTA account until he received additional materials from PLSP. The evidence that Tatoian had in his possession at the time he filed his complaint simply showed that both Virginia Worldwide and Gant transferred funds to PLSP. Therefore, the court finds that Tatoian's claims against PLSP were not frivolous, and that he had a reasonable basis for believing that his allegations had evidentiary support. See Brubaker v. City of Richmond, 943 F.2d 1363, 1377 (4th Cir. 1991) (finding that, to avoid sanctions, an "allegation merely must be supported by some evidence" (emphasis in original)). Accordingly, the court declines to impose sanctions on Tatoian or his attorneys under Rule 11.[7]

PLSP also seeks attorneys' fees under 28 U.S.C. § 1927, which provides that "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." However, "[a]n attorney who files a meritless claim may not be sanctioned under § 1927 if he does not 'multiply the proceedings.'" Stradtman v. Republic Servs., Inc., No. 1:14CV1289, 2015 WL 4668402, at *2 (E.D. Va. Aug. 5, 2015) (quoting DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999)). In the Fourth Circuit, the moving party must also show that counsel acted in bad faith. McKenzie v. Norfolk S. Ry. Co.,

---

[7] PLSP also argues that the court may impose sanctions on Tatoian or his attorneys pursuant to Virginia Code § 8.01-271.1, which is Virginia's equivalent to Rule 11. However, in this case, Tatoian did not initially file his complaint in state court. See Gibson v. City of Alexandria, 855 F. Supp. 133, 134 (E.D. Va. 1994) (awarding sanctions pursuant to Rule 11 and Virginia Code § 8.01-271.1 in a case removed from the state circuit court). Therefore, the court's analysis is limited to whether Rule 11 has been violated.

7

497 F. App'x 305, 312 (4th Cir. 2012). The burden of demonstrating an entitlement to attorneys' fees is on the moving party. Morris v. Wachovia Secs., Inc., 448 F.3d 268, 284 (4th Cir. 2006).

In this case, the court believes that an award of attorneys' fees under § 1927 is unwarranted. Although it is now apparent that Tatoian's claims against PLSP are meritless, the court cannot find that Tatoian or his attorneys acted in bad faith to multiply the proceedings. See Stradtman, 2015 WL 4668402, at *7 (finding that the court's "job in assessing whether costs and fees under § 1927 are appropriate is not whether litigation was ultimately successful or whether the complaint was frivolous, but whether counsel's actions were so far beyond the pale as to constitute nothing more than driving up Defendants' litigation costs"). Instead, on August 11, 2015, Tatoian served PLSP with interrogatories and requests for production on the issue of personal jurisdiction, to which PLSP objected. Upon PLSP's contention that its Michigan bank account was an IOLTA account, Tatoian again sought discovery of materials to verify such information. The court then directed the parties to engage in limited discovery on this issue. Once Tatoian confirmed that PLSP's account was an IOLTA account, he sought leave to amend his complaint and substitute PLSP with Carso as a defendant. As a result, the court finds that Tatoian's actions were not in bad faith, and PLSP has not met its burden of showing that his actions were intended to multiply the proceedings. Accordingly, PLSP's request for attorneys' fees under § 1927 is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend the complaint and PLSP's second motion to quash service and to dismiss the complaint will be granted. As such, defendants PLSP, Affinity Capital Holdings, and Kristie Eisenberger will be dismissed as parties in this action. PLSP's request for sanctions against Tatoian and his attorneys, as well as its

8

request for attorneys' fees, will be denied. Finally, both parties' motions for leave to file supplemental materials will be granted as the court believes that such materials should be considered in ruling on the motion to amend and motion to quash.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 12th day of February, 2016.

_____
Chief United States District Judge