CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2017

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN TATOIAN,

    Plaintiff,

v.

WILLIAM LEE ANDREWS, III, et al.,

    Defendants.

Civil Action No. 7:14CV00484

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief United States District Judge

John Totoian brought this action against William Lee Andrews, III ("Andrews"), Virginia Worldwide Group, LLC ("Virginia Worldwide"), Black Ink of Virginia, Inc. ("Black Ink"), and others, alleging that defendants were in a scheme to defraud him. The plaintiff also sought to pierce the corporate veil, holding defendant Andrews liable for the wrongs of Virginia Worldwide, a business entity which was wholly owned by Andrews. Throughout the course of the litigation, the Clerk made entries of default against several of the defendants and several others were dismissed. The case proceeded to a jury trial, which was held on November 22, 2016, against the three remaining defendants: Andrews, Virginia Worldwide, and Black Ink. After deliberations, the jury returned with a completed special verdict form, indicating that it found Virginia Worldwide liable in the amount of $20,870 and that plaintiff had not pierced the corporate veil. The matter is currently before the court on plaintiff's motion to amend judgment. For the reasons that follow, the plaintiff's motion will be denied.

## Discussion

A motion to alter or amend judgment under Rule 59(e) is not intended as a means for a dissatisfied litigant to reargue "the very issues that the court has previously decided." DeLong v.

Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Mayfield, 674 F.3d at 378.

Applying these principles, the court concludes that the plaintiff is not entitled to relief under Rule 59(e). At trial, plaintiff introduced evidence that Virginia Worldwide transferred funds to Black Ink; that Black Ink had a bank account opened and maintained personally by Andrews; that Andrews was the sole owner of both Black Ink and Virginia Worldwide; and that Andrews was the sole person directing the activities of Black Ink and Virginia Worldwide. In light of these facts, the plaintiff asks the court to "harmonize" what plaintiff alleges is an inconsistent jury finding: that Virginia Worldwide defrauded him but Andrews did not. See Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 190 (4th Cir. 1994) ("The answers to special verdicts should be reconciled under any rational theory consistent with the evidence, and equally the answers should be harmonized if possible."). Accordingly, plaintiff asks the court to amend judgment so that both Andrews and Virginia Worldwide are responsible for the judgment in plaintiff's favor.

The court does not see the inconsistency plaintiff alleges in the jury's verdict. The Supreme Court of Virginia has specifically held that proof of dominion or control of a corporation is not

2

enough to pierce the corporate veil. Hence, the plaintiff must also establish "that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime" in order to hold the shareholder liable. Perpetual Real Estate Servs., Inc. v. Michaelson Props., Inc., 974 F.2d 545, 548 (4th Cir. 1992) (quoting Cheatle v. Rudd's Swimming Pool Supply Co., Inc., 234 Va. 207, 212 (1987)). In this case, the jury was instructed regarding this standard. See Jury Instructions, Docket. No. 95. The jury was also instructed on plaintiff's claims of unjust enrichment and receipt of stolen goods against Black Ink.

The jury's determination that plaintiff did not successfully pierce the corporate veil, that only the corporate entity was liable, that Black Ink was not unjustly enriched and did not receive stolen goods, and that neither Andrews nor Black Ink wrongfully appropriated plaintiff's property is internally consistent and in congruence with the law of corporations. See, e.g., Perpetual Real Estate Servs., Inc., 974 F.2d at 547-48 ("Virginia courts have long recognized the basic proposition that a corporation is a legal entity separate and distinct from its shareholders."). From the jury's verdict, it appears that while the jury understood Virginia Worldwide to be under the dominion and control of Andrews, it did not believe that Virginia Worldwide was used to "disguise wrongs, obscure fraud, or conceal crime." Id. This conclusion is further supported by the fact that $20,870 judgment represents the amount of money that remained in Worldwide Virginia's possession. Simply put, it appears that the jury treated Virginia Worldwide independently of Andrews and Black Ink. This is a rational view of the case and a view that controls. See Bristol, 41 F.3d at 190 (citing Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962)).

Moreover, the court does not believe the jury verdict to be the product of a "clear error of law or . . . manifest injustice." Mayfield, 674 F.3d at 378. Additionally, plaintiff presents no

3

argument regarding a change of law and does not argue that there is any new evidence. See id. While the plaintiff may disagree with the court's decision on this issue, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Pritchard v. Wal-Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001) ("When the motion [for reconsideration] . . . merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.") (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)). Accordingly, the plaintiff's motion to alter or amend the judgment will be denied.

## Conclusion

For the reasons stated, plaintiff's motion to amend judgment will be denied. The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

ENTER: This 31st day of January, 2017.

                                                      */s/ Glen E. Conrad*
                                        Chief United States District Judge